<u>**NOT FOR PUBLICATION**</u>

<u>**UNITED STATES DISTRICT COURT**</u>
<u>**DISTRICT OF NEW JERSEY**</u>

|  |  |
|---|---|
| Marta Enid Jimenez, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION: 06-2676 (DRD) |
|  | : **OPINION** |
| Nancy A. Marnell, | : |
| Defendant | : |

Appearances by:

John P. Bostany, Esq.
THE BOSTANY LAW FIRM
One Gateway Center
Suite 2600
Newark, New Jersey 07102-8918

    *Attorney for Plaintiff, Marta Enid Jimenez*

John L. McDermott, Esq.
McDERMOTT & McGEE, LLP
75 Main Street
P.O. Box 192
Millburn, NJ 07041-0192

    *Attorney for Defendant, Nancy A. Marnell*

**DEBEVOISE, Senior District Judge**

## INTRODUCTION

The matter comes before the Court on Plaintiff Marta Enid Jimenez's ("Jimenez") motion for default judgment upon the Clerk's entry of default for failure to appear by Defendant Nancy A. Marnell ("Marnell"). In opposition, Marnell filed a motion to vacate the default and to permit filing an answer out of time.

For the reasons set forth below, Jimenez's motion for default judgment is DENIED. Marnell's motion to vacate the Clerk's entry of default and to permit filing an answer out of time is GRANTED .

## BACKGROUND

On April 30, 2006, a motor vehicle accident occurred in Bayonne, New Jersey. The New Jersey Police Crash Investigation Report ("Report") records Marnell as the owner and operator of a 1999 white Acura 3.0 LL with New Jersey plate #JSK21L. Marnell's address was recorded as 45 Lackawanna Ave. #234, Wallington, NJ 07057. The Report also specified that Donna Marnell of 91 Ferry Street, Newark, NJ 07105 was an occupant of the vehicle.

The Report also records Jamil Brash as the operator of the second vehicle, which was owned by Jimenez, a 2005 white Hyundai Elantra, with New York plate # DEJ 3494. Both Brash's and Jimenez's addresses were recorded as 54 Catherine Street 10C, New York, NY 10038.

According to the investigating officer who authored the Report, "Both drivers had conflicting statements as to the accident. Due to the conflicting statements and the vehicles being moved prior to police arrival it was unable to determine who was at fault." [sic].

Jimenez filed a motor vehicle personal injury tort action with demand for jury trial. A

summons was issued to Marnell, which was recorded as executed by the Clerk on July 19, 2006. Marnell failed to appear. Thereafter, Jimenez notified Allstate Insurance Company ("Allstate"), Marnell's insurer, that Marnell was "in willful default." In the absence of Marnell's answer, Jimenez requested a certificate of default, which was entered by the Clerk. On September 12, 2006, Jimenez filed a motion for default judgment.

Marnell, claiming that she was never served with process, opposed the motion for default judgment and filed a motion to vacate and to permit filing of an answer out of time.

**Standard for Entry of Default Judgment**

Fed R. Civ. P. 55 governs the entry of default judgment. A party must have the clerk of the Court enter default pursuant to Rule 55(a) before it may move for default judgment pursuant to Rule 55(b). DeTore v. Local No. 245 of the Jersey City Pub. Employees Union, 511 F. Supp. 171, 176 (D.N.J.1981). Rule 55(b)(2) authorizes courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n. 9 (3d Cir.1990) ("When a defendant fails to appear . . ., the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.").

However, even after properly following the requirements of Rule 55, parties are not entitled to default judgment as of right, and it is left to the sound discretion of the Court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir.1984). Although the entry of a default judgment is largely a matter of judicial discretion, the Court of Appeals has emphasized that such "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." Id. At 1180-1 (citations omitted).

Before granting a default judgment, the Court is obliged to consider three factors: (1) whether plaintiff will be prejudiced if default is not granted;  (2) whether defendant has a meritorious defense; and, (3) whether defendant's delay was the result of culpable misconduct.  Id. at 1180.

Even where defendants have failed to appear, default judgment is inappropriate unless the plaintiff has provided well-pleaded facts sufficient to establish a claim.  Directv v. DeCroce, 332 F. Supp. 2d 715 (D.N.J. 2004), rev'd on other grounds, 431 F.3d 162 (3d Cir. 2005).  Further, although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages.  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir.1990); Directv, Inc. v. Asher, 2006 WL 680533 (D.N.J. Mar. 14, 2006) (citations omitted).  Consequently, before granting a default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Id. (citations omitted).

**Standard for Vacating a Default Judgment**

Fed. R. Civ. P. 55(c) states that "[f]or good cause shown the court may set aside an entry of default . . . ."  The same three factors are used to determine whether to set aside a default under Rule 55(c): (1) whether plaintiff will be prejudiced if default is not granted;  (2) whether defendant has a meritorious defense; and, (3) whether defendant's delay was the result of culpable misconduct.  See  U.S. v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-195 (3d Cir. 1984).

## ANALYSIS

This Court will apply the standard set forth in Hritz and $55,518.05 in U .S. Currency as well as considering the totality of circumstances and whether entry of a default judgment would produce

an unfair result.

**Whether Defendant Has a Meritorious Defense.**

In support of the motion to vacate the entry of default, Marnell has explained that (1) she was never served with the Summons and Complaint; (2) she does not know a person by the name of Ann Dublein at 45 Lackawanna Avenue, Wallington, New Jersey 07057 upon whom the Summons and Complaint were served; (3) she never resided at 45 Lackawanna Avenue in Wallington, New Jersey; and, (4) although her parents resided there at one time, her parents no longer reside there.[1]

Although due process of law does not require personal service of process or even actual notice of suit, "[s]ervice . . . must be reasonably calculated to inform the defendant of the pendency of the proceedings in order that [the defendant] may take advantage of the opportunity to be heard in [preparing a] defense." Mariash v. Morrill, 496 F.2d 1138, 1143 (2d Cir.1974) (citing Hanson v. Denckla, 357 U.S. 235, 245 (1958)) (additional citations omitted).

Marnell does not explain how and why the police report reflects her address as 45 Lackawanna Ave., #234, Wallington, New Jersey. Because she certifies that she has never resided at that address, however, this Court cannot conclude with certainty, as Jimenez urges, that the service of process to the address was proper because the defendant knowingly provided an improper address to the police at the scene of a motor vehicle accident. Gardner v. Tully, 643 N.Y.S.2d 204 (2nd

---

[1] Marnell's counsel also asserts in his Certification that despite his requests, Jimenez's counsel failed to provide him with proof of service of the Summons and Complaint on Marnell. Proof of Service was posted to the Court's docket via the electronic filing system, CM-ECF, and use of the electronic filing system is mandatory, with very few exceptions. See Local Civil Rule 5.2.

Dept. 1996).

Furthermore, although the street address appears to be a multi-unit complex, the Return of Service documents dated July 17, 2006 and July 19, 2006 show service of process at "45 Lackawanna Avenue" only. Neither document specifies that process actually was served at Unit #234, the pinpoint address recorded on the report. This calls into question the validity of service and supports Marnell's assertion that she was not properly served with the Summons and Complaint.

In addition, Berner v. Farny, 11 F.R.D. 506 (D.N.J. 1951) is instructive. Although the defendant, Farny, was part owner of a house in New Jersey and used his New Jersey address on his voter registration, income tax returns, insurance applications, and various legal instruments, the Court found that service of process at Farny's New Jersey address was invalid because the New Jersey address was not his "dwelling house or usual place of abode"[2] in that Farny actually resided in New York City. Therefore, the Court is not persuaded by the New York authority cited by Jimenez in support of her contention that Marnell was properly served at the address contained in the police report and was in willful default, and instead concludes that evidence supports the contention that Marnell was not properly served with the Summons and Complaint.

According to the factors announced in Hritz and $55,518.05 in U.S. Currency, to allow the case to be decided on the merits, a defendant must show a meritorious defense that would most likely affect the substantive result of the case. Sierra Foods, Inc. v. Haddon House Food Prods., Inc., 1992 WL 245847 at *14-17 (E.D.Pa. Sept. 22, 1992).

---

[2]Fed. R. Civ. P. 4(d)(1), currently re-numbered to be Rule 4(e)(2), permits service of Summons and Complaint to be made on an individual by delivering a copy of the Summons and Complaint to the individual named by leaving copies at his "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . ."

Here, in addition to her assertion that she never received the Summons and Complaint, the evidence supports the conclusion that Marnell has put forth the meritorious defenses that she was not negligent and that the accident and damages are due to the negligence of third persons over whom Marnell exercised no control.  The credibility of Marnell's defenses are supported by the report of the police officer investigating the accident at the scene, who wrote that he could not make a determination of fault because the drivers had conflicting stories and the vehicles had been moved prior to his arrival.  The Court concludes that the facts alleged by Marnell, if established at trial, would constitute a meritorious defense.  See Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d. Cir. 1988).

**Whether Default Was the Result of Defendant's Culpable Conduct.**

The Court must also determine whether the default was the result of the defendants's culpable conduct.  To make this determination, the Court must look at whether the defendant acted with "willfulness" or "bad faith" by failing to respond to the Complaint.  See Hritz, 732 F.2d at 1181.  Conduct beyond mere negligence is required.  Id.  As with Rule 55(c), the decision whether to vacate "a default judgment pursuant to Fed. R. Civ. P. 60(b) is left primarily to the discretion of the district court." $55,518.05 in U.S. Currency, 728 F.2d at 194 (citation omitted).  In this circuit, courts are instructed that, when "passing upon default judgments, Rule 60(b) should be 'given a liberal construction [and] any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on the merits.'" Dunkin' Donuts, Inc. v. Arkay Donuts, LLC, 2006 WL 2417241 *5 (D.N.J. Aug. 21, 2006) (citations omitted).

In the first instance, Jimenez asserts that Marnell acted with willfulness and bad faith by

7

giving a false address at the scene. The Court, however, finds no evidence to sustain Jimenez's assertion. In the second instance, Jimenez asserts that the attorney, who was assigned to Marnell's case by the insurance company, was informed of the existence of the Complaint and willfully refused to answer.

The August 25, 2006 letter from Marnell's attorney to Jimenez's attorney does not refuse to answer the complaint but simply seeks receipt of proof of service of the Summons and Complaint on Marnell before an answer will be made. Unless the attorney had been authorized to accept service on Marnell's behalf, or unless Marnell had been duly served, the attorney had no obligation to file an answer.

The Court concludes that an entry of default judgment at this early stage of litigation would produce an unfair result, particularly in light of the fact that Marnell may never have been properly served.

**Vacating Default Does Not Prejudice Plaintiff.**

In setting aside an entry of default judgment, the Court is concerned with whether a Plaintiff will be prejudiced. Jimenez does not argue that vacating the entry of default will result in prejudice to her.

This action is still in its earliest stages, and Jimenez has not substantially relied on the entry of default. Neither is there a potential of loss of available evidence or threat of fraud or collusion. Delay in adjudication of a claim rarely shows sufficient prejudice to warrant denying a motion to vacate an entry of default. See Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 657 (3d Cir. 1982). Therefore, the Court finds that Jimenez will not be prejudiced by vacating the entry of

default.

## CONCLUSION

The Court finds that, in looking at the totality of the circumstances, default was not a result of Marnell's culpable conduct and that vacating the entry of default does not prejudice Jimenez. Furthermore, allowing the default to remain would be harsh and unfair in light of Marnell's meritorious defense.  Therefore, Jimenez's motion for entry of default judgment is DENIED. Marnell's motion  to vacate the entry of default and to permit filing an answer out of time is GRANTED.  An appropriate Order follows.

    /s/ **Dickinson R. Debevoise**
Dickinson R. Debevoise, U.S.S.D.J.

Dated: November 13, 2006